UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MASSACHUSETTS INSTITUTE<br>OF TECHNOLOGY,<br><br>           Plaintiff,<br>v.<br><br>DHARMACON, INC. and FISHER<br>SCIENTIFIC INTERNATIONAL INC.,<br><br>           Defendants. | Civil Action No.<br>05-10156-PBS |

## ANSWER AND COUNTERCLAIM OF DHARMACON, INC.

The present action constitutes a bad faith attempt by plaintiff Massachusetts Institute of Technology ("MIT") to alter *ex post* the negotiated terms of its license agreement with defendant Dharmacon, Inc. ("Dharmacon"). MIT intentionally overreaches in its interpretation of the license agreement to obtain a windfall from innovations that were developed wholly by Dharmacon. Indeed, the royalties MIT here seeks are not directly attributable to the products squarely contemplated in the licensing agreement, but rather are based on revenue derived from Dharmacon's proprietary value-added technology and product designs. In addition, in its Amended Complaint, MIT has tacked on an unrelated, meritless patent claim which is a thinly-veiled attempt to intimidate Dharmacon and is further evidence of MIT's bad faith motivation in bringing this action.

## ANSWER

The Amended Complaint contains a preamble consisting of various factual assertions and arguments. Dharmacon does not believe an answer to this preamble is required, but to the extent that it is, Dharmacon denies the statements contained therein. Dharmacon further responds to the averments in the Amended Complaint as follows:

### Parties

1. Dharmacon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

2. To the extent the averments in this paragraph are directed to a defendant other than Dharmacon, no response is required. To the extent the allegations are directed to it, Dharmacon denies the allegations except admits that it is incorporated in Delaware, maintains its principal place of business in Colorado, and formerly did business under the name Dharmacon Research, Inc.

3. The averments in this paragraph are directed to a defendant other than Dharmacon, and therefore, no response is required.

### Jurisdiction and Venue

4. Paragraph 4 consists of legal conclusions to which no response is required. To the extent a response is required, Dharmacon denies the allegations.

5. Paragraph 5 consists of legal conclusions to which no response is required. To the extent a response is required, Dharmacon denies the allegations.

### General Allegations

6. Dharmacon denies the allegations in this paragraph.

7. Dharmacon denies the allegations in this paragraph.

8. Dharmacon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

9. Dharmacon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

10. Dharmacon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them, except admits that Dharmacon and MIT entered into the siRNA Distributor License Agreement. The siRNA Distributor License Agreement speaks for itself.

11. Dharmacon denies the allegations in this paragraph. The siRNA Distributor License Agreement speaks for itself.

12. Dharmacon denies the allegations in this paragraph. The siRNA Distributor License Agreement speaks for itself.

13. Dharmacon denies the allegations in this paragraph. The siRNA Distributor License Agreement speaks for itself.

14. Dharmacon denies the allegations in this paragraph.

15. Dharmacon denies the allegations in this paragraph.

16. Dharmacon denies the allegations in this paragraph.

17. Dharmacon denies the allegations in this paragraph.

18. Dharmacon denies the allegations in this paragraph.

19. Dharmacon denies the allegations in this paragraph.

20. Dharmacon denies the allegations in this paragraph.

21. Dharmacon denies the allegations in this paragraph.

## Count I – Breach of Contract

22. Dharmacon repeats and incorporates by reference its response to the averments contained in paragraphs 1 through 21 above.

23. Dharmacon denies the allegations in this paragraph.

24. Dharmacon denies the allegations in this paragraph.

25. Dharmacon denies the allegations in this paragraph.

26. Dharmacon denies the allegations in this paragraph.

## Count II – Declaratory Judgment

27. Dharmacon repeats and incorporates by reference its response to the averments contained in paragraphs 1 through 26 above.

28. Dharmacon denies the allegations in this paragraph.

29. Dharmacon denies the allegations in this paragraph.

30. Dharmacon denies the allegations in this paragraph.

## Count III – Patent Infringement

31. Dharmacon repeats and incorporates by reference its response to the averments contained in paragraphs 1 through 30 above.

32. Dharmacon lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and therefore denies them.

33. Dharmacon denies the allegations in this paragraph.

34. Dharmacon denies the allegations in this paragraph.

35. Dharmacon denies the allegations in this paragraph.

36. Dharmacon denies the allegations in this paragraph.

37. Dharmacon denies the allegations in this paragraph.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

The Amended Complaint fails to state a claim upon which relief may be granted.

### Second Affirmative Defense

The Amended Complaint must be dismissed because this Court lacks personal jurisdiction over Dharmacon.

### Third Affirmative Defense

The Amended Complaint must be dismissed because venue in this Court is improper.

### Fourth Affirmative Defense

The Amended Complaint is barred by the parol evidence rule.

### Fifth Affirmative Defense

The Amended Complaint is barred because any damages allegedly suffered by MIT are a result of its own negligence and/or the actions of a third party for which Dharmacon is not responsible.

### Sixth Affirmative Defense

MIT's claims are barred because Dharmacon has performed its obligations under the siRNA Distributor License Agreement.

### Seventh Affirmative Defense

MIT's claims are barred and/or must be reduced because MIT has failed to mitigate its damages.

### Eighth Affirmative Defense

MIT's claims are barred by the doctrine of estoppel.

### Ninth Affirmative Defense

MIT's claims are barred by the doctrine of waiver.

### Tenth Affirmative Defense

MIT's claims are barred by MIT's unclean hands.

### Eleventh Affirmative Defense

MIT's claims are barred by a failure of consideration.

### Twelfth Affirmative Defense

MIT's claims are barred by the doctrine of laches.

### Thirteenth Affirmative Defense

MIT's claims are barred by the Statute of Limitations.

### Fourteenth Affirmative Defense

MIT's claims are barred by the Statute of Frauds.

### Fifteenth Affirmative Defense

MIT's claims are barred by MIT's misrepresentations.

### Sixteenth Affirmative Defense

MIT's patent infringement claims are barred because Dharmacon has not infringed, either directly, contributorily, or by inducement, any valid claims of MIT's patents either literally or under the doctrine of equivalents.

### Seventeenth Affirmative Defense

MIT's patent infringement claims are barred by the doctrine of invalidity for failure to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 102, 103 and 112.

### Eighteenth Affirmative Defense

MIT's patent infringement claims are barred by the doctrine of misuse.

### Nineteenth Affirmative Defense

MIT's claims are barred as a result of its interference with Dharmacon's economic relationships and prospective economic advantage, thereby constituting unfair competition.

### Twentieth Affirmative Defense

MIT's patent claims are barred because it is prosecuting these claims in bad faith and for improper purposes. As such, MIT's claims are frivolous, thereby entitling Dharmacon to an award of reasonable expenses and attorney's fees pursuant to 35 U.S.C. § 285.

### Twenty-First Affirmative Defense

Dharmacon specifically reserves the right to assert such other and further affirmative defenses as are revealed in the course of discovery.

WHEREFORE, Dharmacon respectfully requests that this Court enter judgment dismissing all counts of the Amended Complaint with prejudice and award Dharmacon the costs of defending this action to the extent permitted by law, including attorneys' fees, and for such other and further relief as this Court deems just and proper.

# COUNTERCLAIM

## Parties

1. Dharmacon is a corporation with a principal place of business in Lafayette, Colorado.

2. MIT is an educational and research institution with a principal place of administration in Cambridge, Massachusetts.

## Facts Common to All Counts

3. On December 21, 2001, Dharmacon and MIT entered into a "siRNA Distributor License" (the "License Agreement") pursuant to which Dharmacon agreed to pay a 7% running royalty on net sales of certain licensed products and processes as defined in the License Agreement.

4. In 2003, Dharmacon developed and introduced a line of products and services derived from its proprietary technology, including but not limited to its SMARTselection™ and SMARTpoosl® technologies.

5. On or about August 21, 2003, shortly after Dharmacon's introduction of its new products and services based on its proprietary technology, Dharmacon notified MIT that on the basis of an internal review, Dharmacon had determined that it had overpaid royalties as a result of an erroneous calculation of net sales "based on Dharmacon's full prices for its combination products that incorporate proprietary value-added components and technology that are not covered by the License Agreement." Dharmacon included a quarterly royalty report that adjusted for the erroneous calculation. On November 7, 2003, MIT responded with a request for more specific information, and Dharmacon provided the requested information on November 13, 2003.

6. On April 16, 2004, MIT sent a letter to Dharmacon stating that the license contains "no discount for combination products, for kits, or for the inclusion of Dharmacon proprietary processes, and this was intentional." The letter demanded payment of the "full amount withheld, along with interest on the late payments" within thirty days, and a full accounting, and threatened termination for default on a failure to comply.

7. MIT's conduct, including its overbroad reading of the License Agreement, its efforts to collect royalties from Dharmacon to which it is not entitled, and its threats to terminate the License Agreement if Dharmacon does not give in to MIT's unsupported demands, has been willful and in bad faith.

8. In addition, MIT has further attempted to pressure Dharmacon into paying royalties that are not due by asserting a frivolous patent infringement claim in this action, and by bringing suit against Fisher Scientific International, Inc. without any basis for doing so. This conduct has also been willful and in bad faith.

## COUNT I
### Breach of Implied Covenant of Good Faith and Fair Dealing

9. Dharmacon incorporates by reference the allegations set forth in paragraphs 1 through 8 above.

10. The License Agreement is governed by Massachusetts state law and as such contains an implied covenant of good faith and fair dealing.

11. MIT breached the implied covenant of good faith and fair dealing by unfairly reinterpreting the terms of the License Agreement, threatening termination of the License Agreement for nonpayment, and attempting to deny Dharmacon the benefits to which it is entitled under the License Agreement.

## COUNT II
### Mass. Gen. L. ch. 93A, § 11

12. Dharmacon incorporates by reference the allegations set forth in paragraphs 1 through 11 above.

13. Dharmacon and MIT are commercial entities within the meaning of Mass. Gen. L. ch. 93A, § 11.

14. MIT's actions as set forth above were willful, wanton, and knowing.

15. MIT's actions as set forth above occurred primarily and substantially in Massachusetts.

16. MIT's actions as set forth above constitute unfair and/or deceptive acts and/or practices in violation of Mass. Gen. L. ch. 93A, § 11.

## COUNT III
### Declaratory Judgment

17. Dharmacon incorporates by reference the allegations set forth in paragraphs 1 through 16 above.

18. MIT seeks from Dharmacon royalties on Dharmacon products and services that do not fall within the meaning of "licensed products," "licensed processes," and "identified products," as defined in the License Agreement. In addition, MIT has threatened to terminate the License Agreement for default on a failure to pay the disputed royalties.

19. Dharmacon seeks a declaration by this Court that: (a) Dharmacon has not breached the License Agreement for nonpayment of royalties due under the License Agreement, and (b) MIT does not have the right to terminate the License Agreement.

## COUNT IV
## Declaratory Judgment of Invalidity, Unenforceability, and Noninfringement

20. Dharmacon incorporates by reference the allegations set forth in paragraphs 1 through 19 above.

21. This is an action for declaratory judgment of invalidity, unenforceability, and non-infringement. This action arises under the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, and the patent laws of the United States, Title 35, United States Code. This Court has jurisdiction over the subject matter of this action under 28 U.S.C. § 1338(a). Venue is based on 28 U.S.C. § 1391(b) and (c).

22. MIT purports to be the owner of U.S. Patent 6,544,790 ("the '790 Patent").

23. MIT alleges that Dharmacon has infringed the '790 Patent.

24. No Dharmacon product or process has infringed, either directly, or indirectly, and either literally or through the doctrine of equivalents, any claim of the '790 Patent, and Dharmacon is not liable for infringement thereof.

25. No Dharmacon activity comes within the requirements of 35 U.S.C. § 271 with respect to the '790 Patent, and Dharmacon is not liable for infringement of the '790 Patent.

26. An actual controversy, within the meaning of 28 U.S.C. §§ 2201 and 2202, exists between Dharmacon, on the one hand, and MIT, on the other hand, with respect to the infringement or noninfringement, validity, and enforceability of the '790 Patent.

27. Dharmacon requests declaratory judgment that Dharmacon's products or methods of making, using, or selling them do not infringe any valid claims of the '790 Patent.

28. The claims of the '790 patent are invalid for failing to comply with one or more of the following statutory provisions: 35 U.S.C. §§ 102, 103 and 112.

29. The claims of the '790 patent are unenforceable against Dharmacon as a result of unclean hands, patent misuse, unfair competition, and bad faith litigation.

30. This case is an exceptional case supporting an award of reasonable attorneys' fees, costs and expenses for Dharmacon and against MIT pursuant to 35 U.S.C. § 285.

## COUNT V
### Interference with Prospective Economic Advantage

31. Dharmacon incorporates by reference the allegations set forth in paragraphs 1 through 30 above.

32. Dharmacon has developed a substantial business foundation and presence using its various innovations as well as subject matter that is appropriately covered under the siRNA Distributor License Agreement and had a reasonable expectation of future economic benefit due to, among other things, its license agreement with MIT.

33. MIT knew of Dharmacon's prospective economic advantage as a result of the business relationship entered into by the parties.

34. MIT has intentionally overreached in its interpretation of the license agreement to obtain a windfall from innovations that were developed wholly by Dharmacon and by taking on an unrelated, meritless patent claim which is a thinly-veiled attempt to intimidate Dharmacon, MIT's various actions having adversely affected Dharmacon's relationships in the marketplace.

35. As a direct and proximate result of MIT's actions, Dharmacon's prospective economic relationships have been interfered with and damaged.

36. Due to MIT's intentional interference with Dharmacon's prospective economic advantage, Dharmacon has suffered damages in an amount to be proven at trial.

## PRAYERS FOR RELIEF

WHEREFORE, Dharmacon prays for relief as follows:

1. That judgment is entered in Dharmacon's favor in all counts of the Amended Complaint.

2. That judgment is entered on Counts I through IV of Dharmacon's Counterclaim

3. For such other and further relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Dharmacon demands a trial by jury on all issues so triable and as to which the parties have not expressly waived a trial by jury.

Dated: May 27, 2005

Respectfully submitted,

_____
Timothy C. Blank, BBO # 548670
Michael S. Shin, BBO # 658134
DECHERT LLP
200 Clarendon Street, 27th Floor
Boston, MA 02116
(617) 728-7100
*Attorneys for Dharmacon, Inc.*

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEYS OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND) ON May 27, 2005