UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>Plaintiff,<br>v.<br><br>DHARMACON, INC. and FISHER SCIENTIFIC INTERNATIONAL INC.,<br><br>Defendants. | Civil Action No.<br>05-10156-PBS |

## MEMORANDUM OF LAW IN SUPPORT OF
## FISHER SCIENTIFIC'S MOTION TO DISMISS

Defendant Fisher Scientific International Inc. ("Fisher") respectfully submits this memorandum of law in support of its Motion to Dismiss the Plaintiff's Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6).

As set forth more fully below, dismissal of the Amended Complaint (the "Complaint") in its entirety with prejudice is required as to Fisher because the Complaint offers no factual basis for any claims of liability against Fisher. Plaintiff Massachusetts Institute of Technology ("MIT") has brought this case in bad faith to extract from defendant Dharmacon, Inc. ("Dharmacon") royalties to which MIT is not entitled. In bringing its baseless claims, MIT greatly overreaches in its interpretation of its license agreement with Dharmacon, and it overreaches further by adding Fisher as a defendant in a transparent attempt to gain leverage. Indeed, the Complaint does not allege *any* conduct on the part of Fisher. Rather, the only potential basis in the Complaint for asserting liability against Fisher is the allegation that Dharmacon is a wholly-owned

subsidiary of Fisher. Under Massachusetts law, this lone allegation does not suffice to state a claim against Fisher because Fisher and Dharmacon are separate, distinct corporations, and the Complaint provides no basis whatsoever for piercing the corporate veil between the two. Accordingly, the Complaint should be dismissed as to Fisher pursuant to Fed. R. Civ. P. 12(b)(6).

## STATEMENT OF FACTS ALLEGED IN THE COMPLAINT

The *only* factual allegations in the entire Complaint that are particular to Fisher are the preliminary allegations describing the parties, in which the Complaint alleges that Dharmacon is a wholly-owned subsidiary of Fisher and that "Fisher is a Delaware corporation with a principal place of business at One Liberty Lane in Hampton, New Hampshire." Complaint at ¶¶ 2-3. The two other references to Fisher in the factual allegations of the Complaint merely lump Fisher together with Dharmacon in connection with Dharmacon's alleged breach of the siRNA Distributor License Agreement (the "License Agreement") between Dharmacon and MIT. In this regard, the Complaint alleges that the License Agreement "obligates Dharmacon and Fisher to pay the full 7% royalty" and that "[t]he refusal by Dharmacon and Fisher to pay the 7% royalty . . . is a breach of the License Agreement." Id. at ¶¶ 20-21.

In the declaratory judgment count of the Complaint, MIT seeks a declaration by the Court that Dharmacon and Fisher are in breach of the License Agreement for nonpayment, that MIT has the right to terminate the License Agreement, and that Dharmacon and Fisher have a continued obligation to make running royalty payments

unless MIT terminates the License Agreement.[1] Id. at ¶ 30. In addition, while the Complaint does not make any specific allegations as to Fisher in connection with the patent infringement count, it several times refers to "defendants" in alleging that Dharmacon has infringed MIT's reverse transfection patent.

## ARGUMENT & AUTHORITIES

I.  STANDARD OF REVIEW

In considering a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a court must take well-pled factual allegations in the complaint as true and must make all reasonable inferences in favor of the plaintiff. See Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993). Inferences in favor of the plaintiff's factual allegations, however, do not extend to legal conclusions, see Resolution Trust Corp. v. Driscoll, 985 F.2d 44, 48 (1st Cir. 1993), and the court need not credit "bald assertions, unsupportable conclusions, and 'opprobrious epithets.'" Chongris v. Board of Appeals, 811 F.2d 36, 37 (1st Cir. 1987) (quoting Snowden v. Hughes, 321 U.S. 1, 10 (1944)). Dismissal under Rule 12(b)(6) is mandated if, as in the present case, the complaint presents no set of facts justifying recovery. See Cooperman v. Individual, Inc., 171 F.3d 43, 46 (1st Cir. 1999).

---

[1] MIT apparently does not bring the breach of contract claim against Fisher. In setting forth the count, the Complaint alleges that "Dharmacon has failed and refused to pay the full amount of the running royalties due under the License Agreement," Complaint at ¶ 25, and it does not mention Fisher. In contrast, the declaratory judgment count expressly names Fisher. In any event, the conclusion that MIT has failed to state a claim against Fisher does not depend on whether MIT alleges the breach of contract count against Fisher. Thus, for purposes of this memorandum Fisher assumes, *arguendo*, that MIT alleges all counts against Fisher and refers to the breach of contract claim and declaratory judgment claim collectively as the "contract-based claims. "

3

## II. THE COMPLAINT DOES NOT ALLEGE ANY PRIMARY LIABILITY ON THE PART OF FISHER

As noted above, the Complaint does not allege any conduct by Fisher as a basis for liability. Nor could it fairly allege any such conduct given that the underlying claims in the Complaint squarely concern only the conduct of MIT and Dharmacon. Indeed, Fisher is not a party to the License Agreement, see Complaint at ¶ 10, and the Complaint does not allege that any Fisher products or methods infringe MIT's reverse transfection patent. See id. at ¶ 33. Accordingly, Fisher cannot be primarily liable for any of the claims in this case. See Bagley v. Hoopes, No. 81-1126-Z 1985, WL 17643, *8 (D. Mass. 1985) ("Only a party to a contract may breach the contract."); A. Stucki Co. v. Worthington Indus., Inc., 849 F.2d 593, 596-97 (Fed. Cir. 1988) (parent company is not liable for direct infringement for mere inaction in the face of infringement by subsidiary). Thus, to the extent the Complaint alleges any liability against Fisher, it must be based solely on the allegation that Dharmacon is a wholly-owned subsidiary of Fisher.[2] In other words, MIT can properly state a claim against Fisher only by alleging facts that, if proved, would lead to liability on the part of Fisher as a corporate parent through the piercing of the corporate veil between Fisher and Dharmacon.

---

[2] The Complaint does state that Fisher, along with Dharmacon, has "breached" the License Agreement and that Fisher has obligations under the License Agreement. These conclusory statements, however, are insufficient to assert a claim of primary liability against Fisher where the Complaint alleges that "MIT and Dharmacon executed" the License Agreement, Complaint at ¶ 10, and that the License Agreement "requires Dharmacon to pay a running royalty of 7% on net sales of Licensed Products. Id. at ¶ 12. The Complaint nowhere explains how Fisher could have any obligations under the License Agreement except through its alleged relationship with Dharmacon.

4

III. **THE COMPLAINT DOES NOT SUFFICIENTLY ALLEGE LIABILITY OF FISHER AS A CORPORATE PARENT FOR THE CONTRACT-BASED CLAIMS**

  A. **Massachusetts Law Governs the Contract-Based Claims Against Fisher**

It is clear as a preliminary matter that Massachusetts law governs the breach of contract and declaratory judgment claims in this case. The License Agreement expressly provides:

> Governing Law. This Agreement and all disputes arising out of or related to this Agreement, or the performance, enforcement, breach or termination hereof, and any remedies relating thereto, shall be construed, governed, interpreted and supplied in accordance with the laws of the Commonwealth of Massachusetts, U.S.A., without regard to conflict of laws principles, except that questions affecting the construction and effect of any patent shall be determined by the law of the country in which the patent shall be granted.

License Agreement, at 20. Thus, because the contract-based claims against Fisher—which involve a determination of royalty obligations and termination rights under the License Agreement—clearly relate to the License Agreement, Massachusetts law applies to the claims.

  B. **Massachusetts Applies a Strict Corporate Veil Piercing Standard**

As the First Circuit has recognized, "Massachusetts has been somewhat more 'strict' than other jurisdictions in respecting the separate entities of different corporations." Birbara v. Locke, 99 F.3d 1233, 1238 (1st Cir. 1996) (quoting My Bread Baking Co. v. Cumberland Farms, Inc., 353 Mass. 614, 620 (1968)). Indeed, Massachusetts courts have repeatedly indicated that separate corporate entities should be

disregarded only in rare cases.³ See Birbara, 99 F.3d at 1239 ("[U]nder Massachusetts law, the corporate veil will only be pierced in rare situations."); see also Spaneas v. Travelers Indem. Co., 423 Mass. 352 (1996) (corporate veil will only be pierced to prevent gross inequity); Berger v. H.P. Hood, Inc., 416 Mass. 652, 657 (1993) (corporate form will be respected absent "compelling reason of equity" to do otherwise).

The Massachusetts Supreme Judicial Court has stated that the separateness of a corporate subsidiary may be disregarded only:

> (a) when there is active and direct participation by the representatives of one corporation, apparently exercising some form of pervasive control, in the activities of another and there is some fraudulent or injurious consequence of the intercorporate relationship, or (b) when there is a confused intermingling of activity of two or more corporations engaged in a common enterprise with substantial disregard of the separate nature of the corporate entities, or serious ambiguity about the manner and capacity in which the various corporations and their respective representatives are acting.

My Bread, 353 Mass. at 619; see also Evans v. Multicon Constr. Corp., 30 Mass. App. Ct. 728, 732-33 (1991); Birbara, 99 F.3d 1238-39; The George Hyman Constr. Co. v. Gateman, 16 F. Supp. 2d 129, 149 (D. Mass. 1998).

The Appeals Court of Massachusetts has set forth a list of twelve factors, which incorporates the two-part My Bread test, to determine whether disregard of the corporate form is warranted. See Evans, 30 Mass. App. Ct. at 733. These factors are: (1)

---

³ In addition, the First Circuit has also noted that while Massachusetts courts have yet to expressly address the issues, "[s]everal courts and commentators have suggested that it should be more difficult to pierce the veil in a contract case than in a tort case,"³ Birbara, 99 F.3d 1238 (listing case and commentators), and "[c]aselaw and precedent elsewhere draw distinctions between close and public corporations, and the cases where courts have allowed creditors to reach the assets of shareholders have almost always involved close corporations."³ Id. Thus, to the extent Massachusetts courts are likely to follow other jurisdictions on these issues, the fact that this case involves contract-based claims and Fisher is a publicly-traded, not closely-held, corporation weigh against piercing the corporate veil.

common ownership; (2) pervasive control; (3) confused intermingling of business activity assets, or management; (4) thin capitalization; (5) nonobservance of corporate formalities; (6) absence of corporate records; (7) no payment of dividends; (8) insolvency at the time of the litigated transaction; (9) siphoning away of corporate assets by the dominant shareholders; (10) nonfunctioning of officers and directors; (11) use of the corporation for transactions of the dominant shareholders; (12) use of the corporation in promoting fraud. Id. (citing Pepsi-Cola Metro. Bottling Co., Inc. v. Checkers, Inc., 754 F.2d 10, 14-16 (1st Cir. 1985)). While many of these factors are geared toward corporate veil piercing as to individual defendants, the First Circuit has indicated that they are appropriately considered in the context of corporate defendants as well. See Birbara v. Locke, 99 F.3d at 1240; The George Hyman Constr. Co., 16 F. Supp. 2d at 150.

### C.   The Complaint Does Not Allege Any Facts To Warrant Piercing the Corporate Veil in This Case

Other than merely alleging the parent-subsidiary relationship of Fisher and Dharmacon, the Complaint does not offer, much less provide a factual basis for, any allegations relevant to the twelve corporate veil piercing factors listed in Evans. Moreover, the Complaint does not even hint at the type of fraudulent and deceptive conduct necessary to warrant piercing the corporate veil. As the Evans court noted: "There is present in the cases which have looked through the corporate form an element of dubious manipulation and contrivance, finagling, such that corporate identities are confused and third parties cannot be quite certain with what they are dealing." 30 Mass. App. Ct. at 736; see also Berger, 416 Mass. at 657 ("It is only where the corporation is a sham, or is used to perpetuate deception to defeat a public policy, that it can be

disregarded." (internal quotation omitted)); Birbara, 99 F.3d 1240 (refusing to pierce corporate veil because plaintiffs "were never misled about which corporate entity [] was obligated to them or was dealing with them"). Fisher and Dharmacon are separate, legitimate corporations that exist and do business as distinct entities, see Complaint at ¶¶ 2-3, and the Complaint alleges no facts to the contrary or that weigh in favor of disregarding those separate corporate entities. Accordingly, the contract-based claims against Fisher must be dismissed.

## III. THE COMPLAINT DOES NOT SUFFICIENTLY ALLEGE LIABILITY OF FISHER AS A CORPORATE PARENT FOR THE PATENT INFRINGEMENT CLAIMS

While Massachusetts law governs the contract-based claims, federal common law governs the corporate veil piercing issue as to the patent infringement claims in the Complaint. See Mobil Oil Corp. v. Linear Films, Inc., 718 F. Supp. 260, 267-68 (D. Del. 1989). The federal standard "for when it is proper to pierce the corporate veil is notably imprecise and fact-intensive," Crane v. Green & Freedman Baking Co., 134 F.3d 17, 21 (1st Cir. 1998), and thus, unlike the Massachusetts standard, the federal standard does not map onto any clearly-defined test or set of factors. Instead, the rule in federal cases is founded only on the broad principle that "a corporate entity may be disregarded in the interests of public convenience, fairness and equity." Town of Brookline v. Gorsuch, 667 F.2d 215, 221 (1st Cir. 1981).

The court, however, must "start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception." Manville Sales Corp. v. Paramount Sys., Inc., 917 F.2d 544, 552 (Fed. Cir. 1990) (quoting Zubik v. Zubik, 384 F.2d 267, 272 (3d Cir. 1967)). Moreover, the federal corporate veil piercing standard is even more stringent than the Massachusetts standard

8

in that the federal standard expressly requires an element of fraud. <u>United Elec., Radio and Mach. Workers of Am. v. 163 Pleasant Street Corp.</u>, 960 F.2d 1080, 1095 (1st Cir. 1992) ("We are aware of no case applying the federal standard which permits the piercing of a corporate veil on a showing of something less than fraud."); <u>Manville</u>, 917 F.2d at 552 ("[U]nless there is at least 'specific intent to escape liability for a specific tort . . . the cause of justice does not require disregarding the corporate entity.'" (quoting <u>Zubik</u>, 384 F.2d at 272.)).

As with the contract-based claims, MIT has utterly failed to allege any facts that would support piercing the corporate veil between Fisher and Dharmacon as to the patent infringement claims. The Complaint does not allege that Fisher was in any way involved with the alleged patent infringing activity of Dharmacon, nor does it even suggest any fraud on the part of Dharmacon or Fisher regarding their activity as separate corporate entities. Thus, the patent infringement claims against Fisher are defective and must be dismissed.

## CONCLUSION

For the reasons stated above, Fisher respectfully requests that the Court dismiss the Amended Complaint in its entirety with prejudice as to Fisher.

Respectfully submitted,

Timothy C. Blank, BBO # 548670
Michael S. Shin, BBO # 658134
DECHERT LLP
200 Clarendon Street, 27th Floor
Boston, MA 02116
(617) 728-7100
*Attorneys for Fisher Scientific International Inc.*

### CERTIFICATE OF SERVICE

HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEYS OF RECORD FOR EACH OTHER PARTY BY MAIL (BY HAND) ON May 27, 2005

9374294.2.LITIGATION