UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>    Plaintiff,<br><br>v.<br><br>DHARMACON, INC. and FISHER SCIENTIFIC INTERNATIONAL INC.<br><br>    Defendants. | Civil Action No.: 05-10156 PBS |

**MIT'S ANSWER TO COUNTERCLAIM OF DHARMACON, INC.**

Plaintiff Massachusetts Institute of Technology ("MIT") hereby serves its Answer in response to the Counterclaim filed by Defendant and Counterclaim-Plaintiff Dharmacon, Inc. ("Dharmacon").

**Parties**

1.    MIT is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 1, and therefore denies those allegations.

2.    Admitted.

**Facts Alleged to be Common to All Counts**

3.    MIT admits that MIT and Dharmacon entered into an "sIRNA Distributor License." MIT states that the license speaks for itself, and denies the remaining allegations contained in paragraph 3.

4.    MIT is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 4, and therefore denies those allegations.

5.  MIT admits that Dharmacon sent MIT a letter dated August 21, 2003, that MIT sent Dharmacon a letter dated November 7, 2003, and that Dharmacon sent MIT a letter dated November 13, 2003. MIT states that the letters speak for themselves, and denies the remaining allegations contained in paragraph 5.

6.  MIT admits that MIT sent Dharmacon a letter dated April 16, 2004. MIT states that the letter speaks for itself, and denies the remaining allegations contained in paragraph 6.

7.  Denied.

8.  Denied.

## COUNT I
### Breach of Implied Covenant of Good Faith and Fair Dealing

9.  MIT incorporates by reference its responses to paragraphs 1 through 8 above.

10. Paragraph 10 contains conclusions of law to which no responses are required; to the extent responses are required, MIT denies the allegations contained in paragraph 10.

11. Paragraph 11 contains conclusions of law to which no responses are required; to the extent responses are required, MIT denies the allegations contained in paragraph 11.

## COUNT II
### Mass. Gen. L. ch. 93A, § 11

12. MIT incorporates by reference its responses to paragraphs 1 through 11 above.

13. Paragraph 13 contains a conclusion of law to which no response is required; to the extent a response is required, MIT denies the allegations contained in paragraph 13.

14. Paragraph 14 contains a conclusion of law to which no response is required; to the extent a response is required, MIT denies the allegations contained in paragraph 14.

15. Paragraph 15 contains a conclusion of law to which no response is required; to the extent a response is required, MIT denies the allegations contained in paragraph 15.

16. Paragraph 16 contains a conclusion of law to which no response is required; to the extent a response is required, MIT denies the allegations contained in paragraph 16.

## COUNT III
### Declaratory Judgment

17. MIT incorporates by reference its responses to paragraphs 1 through 16 above.

18. Denied.

19. Paragraph 19 contains a request for relief to which no response is required; to the extent a response is required, MIT denies the allegations contained in paragraph 19.

## COUNT IV
### Declaratory Judgment of Invalidity, Unenforceability, and Noninfringement

20. MIT incorporates by reference its responses to paragraphs 1 through 19 above.

21. Paragraph 21 contains conclusions of law to which no responses are required; to the extent responses are required, MIT denies the allegations contained in paragraph 21.

22. Denied.

23. Admitted.

24. Paragraph 24 contains conclusions of law to which no responses are required; to the extent responses are required, MIT denies the allegations contained in paragraph 24.

25. Paragraph 25 contains conclusions of law to which no responses are required; to the extent responses are required, MIT denies the allegations contained in paragraph 25.

26. Paragraph 26 contains a conclusion of law to which no response is required; to the extent a response is required, MIT denies the allegations contained in paragraph 26.

27. Paragraph 27 contains a request for relief to which no response is required; to the extent a response is required, MIT denies the allegations contained in paragraph 27.

28. Paragraph 28 contains a conclusion of law to which no response is required; to the extent a response is required, MIT denies the allegations contained in paragraph 28.

29. Paragraph 29 contains conclusions of law to which no responses are required; to the extent responses are required, MIT denies the allegations contained in paragraph 29.

30. Paragraph 30 contains a conclusion of law to which no response is required; to the extent a response is required, MIT denies the allegations contained in paragraph 30.

## COUNT V
### Interference with Prospective Economic Advantage

31. MIT incorporates by reference its responses to paragraphs 1 through 30 above.

32. MIT is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 32, and therefore denies those allegations.

33. Denied.

34. Denied.

35. Denied.

36. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Dharmacon's claims must fail because the Counterclaim, in whole or in part, fails to state a claim as to which relief may be granted.

### Second Affirmative Defense

Dharmacon's claims are barred by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

### Third Affirmative Defense

Dharmacon's claims are barred by the doctrines of ratification and/or acquiescence.

### Fourth Affirmative Defense

Dharmacon's claims must fail because any actions taken by MIT were taken in good faith, were not unfair or deceptive, and were justified by MIT's right to conduct and manage its affairs in a lawful manner.

### Fifth Affirmative Defense

Count II of Dharmacon's Counterclaim must fail because Dharmacon is not entitled to relief under the terms of M.G.L. Ch. 93A because the alleged transaction at issue was strictly private in nature.

### Sixth Affirmative Defense

Count III of Dharmacon's Counterclaim must fail because Dharmacon breached the siRNA Distributor License Agreement.

### Seventh Affirmative Defense

Count IV of Dharmacon's Counterclaim must fail because the '790 patent is valid, enforceable, and has been infringed by Dharmacon and Fisher.

### Eighth Affirmative Defense

Dharmacon is barred from relief as Dharmacon has neither sustained any injury resulting from actions taken by MIT nor been adversely affected by such actions.

### Ninth Affirmative Defense

If Dharmacon has suffered any injury, which MIT denies, such injury is the result of Dharmacon's own acts or omissions and/or those of third parties for which MIT is not responsible.

### Tenth Affirmative Defense

Dharmacon is barred from relief as it has failed to mitigate its damages, if any.

### Eleventh Affirmative Defense

Dharmacon has failed to state a basis for an award of exemplary and/or punitive damages, and MIT engaged in no conduct sufficient to support such an award.

MIT may have additional defenses that it cannot presently articulate due to Dharmacon's failure to particularize its claims. MIT therefore reserves the right to assert additional defenses upon further particularization of Dharmacon's claims, upon examination of certain additional documents, upon discovery of further information concerning the alleged claims, and upon the development of other pertinent information.

MIT specifically reserves the right to amend its Answer to Dharmacon's Counterclaim, including the addition of affirmative defenses after pleading and discovery in preparation for trial.

Respectfully Submitted,

Massachusetts Institute of Technology,

By its Attorneys,

/s/ Steven M. Bauer
Steven M. Bauer (BBO# 542531)
David J. Cerveny (BBO# 638307)
Kimberly A. Mottley (BBO# 651190)
PROSKAUER ROSE LLP
One International Place – 22nd Floor
Boston, Massachusetts 02110-2600
Phone:  617-526-9600
Fax:     617-526-9899

June 16, 2005