**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY, | ) ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 05-10156-PBS |
| v. | ) ) | |
| DHARMACON INC. AND FISHER SCIENTIFIC INTERNATIONAL, INC. | ) ) ) | |
| Defendants. | ) ) | |

**JOINT STATEMENT**

Plaintiff, Massachusetts Institute of Technology ("MIT") and Defendants, Dharmacon Inc. ("Dharmacon") and Fisher Scientific International, Inc. ("Fisher"), submit this joint statement in accordance with Local Rule 16.1(D), and the Court's Order of May 31, 2005, in advance of the Scheduling Conference before the Court on July 11, 2005, at 2:00 p.m. Counsel for the parties conferred on June 23, 2005 and thereafter. The parties have been unable to reach agreement on scheduling matters, and therefore submit this statement which reflects the parties' proposed courses of action.

**I.    Proposed Agenda for Scheduling Conference**

A.    Establish an effective and expeditious discovery and trial schedule (see below).

B.    Address any remaining procedural issues.

## II.   Scheduling Matters

### A.   Plaintiff's Position

In this action, MIT alleges two primary causes of action:  1) claims for failure to pay royalties based on Defendants' breach of a December 21, 2001 license agreement with MIT (the "License Agreement"), whereby Dharmacon received a co-exclusive license to inventions relating to "small interfering RNA;" and 2) for patent infringement relating to a separate, unlicensed patent..

Despite its tremendous commercial success in selling siRNA products, Dharmacon has withheld from MIT royalty payments that it is obligated to make under the License Agreement. MIT seeks to recover damages for Dharmacon's breach of that License Agreement, Fisher's breach and / or tortious interference with the License Agreement, and seeks a declaratory judgment concerning the scope of Defendants' obligations to pay ongoing and future royalties under the License Agreement.  Separately, MIT also alleges patent infringement in this action, seeking relief for Defendants' infringement of U.S. Patent No 6,544,790, entitled "Reverse Transfection Method" (the "'790 Patent").

By agreement, the parties have agreed that MIT's claims for breach of the License Agreement may be tried to the bench.  As these claims are far less complex than those involved in the patent case, and as the Court is likely to schedule a *Markman* hearing on claim construction prior to the jury trial on the patent claims, MIT proposes herein a six-month schedule to a bench trial on its contract claims consolidated with a *Markman* Hearing at the same time, and then a one-year schedule to a jury trial on its patent claims.  Scheduling of the bench contract trial and *Markman* hearing simultaneously makes sense here, as the parties will need to educate the Court on the underlying technology during the contract trial, and this information

will prove helpful in the *Markman* hearing. Because the patent at issue is not subject to the License Agreement, resolution of the contract claims will not resolve the patent case.

The discovery schedule proposed by MIT is an efficient, and sensible approach designed to address the procedural requirements necessary to adjudicate both the breach of contract claims, and the patent infringement claims, in a timely manner.

## B.     Defendants' Position

MIT has brought the present action in an attempt to cash in on the commercial success of Dharmacon by expanding the scope of the royalty obligations due under the license agreement between MIT and Dharmacon. In addition, MIT has added an unrelated patent infringement claim essentially on information and belief without alleging any specifics concerning the accused technology. Dharmacon anticipates that the patent claim may be the subject of early summary judgment disposal. MIT has also included Fisher as a defendant to this action without any basis in law or fact for doing so.

In its Answer, Dharmacon has counterclaimed against MIT for: (1) breach of implied covenant of good faith and fair dealing, (2) violation of Mass. Gen. L. ch. 93A, § 11, (3) declaratory judgment concerning royalties obligations under the license agreement, (4) declaratory judgment of invalidity, unenforceability, and noninfringement, and (5) interference with prospective economic advantage. Fisher has moved to dismiss the Amended Complaint as to the claims against it pursuant to Fed. R. Civ. P. 12(b)(6).

MIT filed the present action in January of 2005, then waited nearly three months before filing an amended complaint and serving the defendants. Now, MIT oddly presses the Court for a brief six-month discovery schedule for the breach of contract claim. Such an expedited schedule is inappropriate for this case. The breach of contract claims and related counterclaims

will involve extensive fact discovery concerning, *inter alia*: (1) the negotiations leading up to the execution of the license agreement between MIT and Dharmacon, (3) the drafting of the license agreement between MIT and Dharmacon, (2) the negotiations and drafting concerning license agreements between MIT and co-licensees, (3) MIT's siRNA patent application and communications with the Patent Office, and (4) siRNA research and development by MIT and Dharmacon. Moreover, discovery likely will involve expert reports and depositions concerning the understanding in the scientific and marketing communities of the potential use and extended application of siRNA technology at the time MIT and Dharmacon entered in the license agreement. A truncated discovery period would not afford the parties sufficient time for the discovery needed to fairly adjudicate the claims and counterclaims arising out of the license agreement.

## III.    Proposed Pretrial Schedules

Pursuant to Local Rules 16.1(d)(1) and (2), the parties' proposed discovery and motion schedules are listed in the table below.

| Discovery/Motion Deadline | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| **Initial Disclosures/ Commencement of Discovery** | July 18, 2005 | July 18, 2005 |
| **Motions Under FRCP 15, 19, and 20** | December 31, 2005 | December 31, 2005 |
| **Identification of Experts by Party with Burden or Proof** | November 15, 2005, regarding claim construction issues<br><br>December 31, 2005 (other issues) | December 31, 2005 |
| **Identification of Rebuttal Experts** | January 31, 2006 | January 31, 2006 |

| Discovery/Motion Deadline | Plaintiff's Proposal | Defendants' Proposal |
|---|---|---|
| **Claim Construction Briefs and Expert Reports on Claim Construction** | December 2, 2005 | March 1, 2006 |
| **Opposition Claim Construction Briefs and Rebuttal Reports on Claim Construction** | December 16, 2005 | March 31, 2006 |
| **Claim Construction Expert Depositions** | Week of January 1-6, 2006 | Week of March 20-24, 2006 |
| **Markman Hearing** <br>**(if necessary)** | January 23, 2006, or at the Court's convenience | April 17, 2006, or at the Court's convenience |
| **Bench Trial on Contract Issues** | At the same time as the Markman Hearing, in January, 2006 | |
| **Opening Expert Reports on Issues for which Each Party Bears the Burden of Proof** | February 24, 2006 | May 1, 2006 |
| **Rebuttal Expert Reports** | March 17, 2006 | May 31, 2006 |
| **Expert Depositions** | April 2006 | June 2006 |
| **Close of All Discovery** | April 30, 2006 | June 30, 2006 |
| **Dispositive Motions Filed No Later Than** | May 5, 2006 | July 31, 2006 |
| **Oppositions to Dispositive Motions** | May 19, 2006 | August 21, 2006 |
| **Pretrial Disclosures** | June 1, 2006 | September 8, 2006 |
| **Objections to Pretrial Disclosures** | June 15, 2006 | September 15, 2006 |
| **Pretrial Meet and Confer** | July 1, 2006 | October 2, 2006 |
| **Pretrial Memorandum** | July 14, 2006 | October 16, 2006 |
| **Motions in Limine** | July 14, 2006 | October 23, 2006 |

| Discovery/Motion Deadline | Plaintiff's Proposal | Defendants' Proposal |
| --- | --- | --- |
| **Responses to Motions in Limine** | July 21, 2006 | October 27, 2006 |
| **Final Pre-Trial Conference** | August 1, 2006 | November 1, 2006 |
| **Trial on Contract Issues** | | November 6, 2006 |
| **Trial on Patent Issues** | August 2006 | Week of November 13, 2006 |

## IV.     Certifications of Counsel

The certifications of Plaintiff and Defendants and their respective counsel pursuant to

Local Rule 16.1(D)(3) are attached or will be submitted promptly.

## V.     Trial by Magistrate

The parties do not consent to trial by Magistrate Judge.


Dated: July 8, 2005                                          Respectfully submitted,

Massachusetts Institute of Technology,          Dharmacon Inc., and
                                                                      Fisher Scientific International, Inc.


*By its attorneys,*                                          *By their attorneys,*


/s/ Steven M. Bauer                                      /s/ Timothy Blank
Steven M. Bauer, BBO #542531               Timothy Blank, BBO # 548670
David J. Cerveny, BBO # 638307             Michael Shin, BBO # 658134
Kimberly A. Mottley, BBO #651190          DECHERT LLP
PROSKAUER ROSE LLP                          200 Clarendon Street
One International Place                             27th Floor
Boston, MA 02110                                    Boston, MA 02116-5021
(617) 526-9600

6729/61784-002  BNLIB1/135260v1

## EXHIBIT A

### Plaintiff's Certification Pursuant to Local Rule 16.1(D)(3)

The undersigned counsel and authorized party representative of Plaintiff Massachusetts Institute of Technology hereby certify that they have conferred: (a) with a view to establish a budget for the costs of conducting the full course – and various alternative courses – of the litigation; and (b) to consider the resolution of the litigation through the use of alternative dispute resolution programs such as those outlined in Local Rule 16.4.

Steven M. Bauer, BBO #542531
PROSKAUER ROSE LLP
One International Place
Boston, MA 02110
(617) 526-9600

Karin K. Rivard, Esq.
Assistant Director and Counsel
MIT Technology Licensing Office
Room NE25-230
Five Cambridge Center, Kendall Square
Cambridge, MA 02142-1493

Dated: July 5, 2005

Dated: June 30, 2005