UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>    Plaintiff,<br><br>v.<br><br>DHARMACON, INC. and FISHER SCIENTIFIC INTERNATIONAL INC.<br><br>    Defendants. | Civil Action No.: 05-10156 PBS |

**MIT'S ANSWER TO COUNTERCLAIM OF**
**FISHER SCIENTIFIC INTERNATIONAL, INC.**

Plaintiff Massachusetts Institute of Technology ("MIT") hereby serves its Answer in response to the Counterclaim filed by Defendant and Counterclaim-Plaintiff Fisher Scientific International, Inc. ("Fisher").

**Parties**

1.   MIT is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 1, and therefore denies those allegations.

2.   Admitted.

**Facts Alleged to be Common to All Counts**

3.   MIT admits that MIT and Dharmacon entered into an "siRNA Distributor License." MIT states that the license speaks for itself, and denies the remaining allegations contained in paragraph 3.

4.   MIT is without sufficient knowledge or information to either admit or deny the allegations contained in paragraph 4, and therefore denies those allegations.

5. MIT admits that Dharmacon sent MIT a letter dated August 21, 2003, that MIT sent Dharmacon a letter dated November 7, 2003, and that Dharmacon sent MIT a letter dated November 13, 2003. MIT states that the letters speak for themselves, and denies the remaining allegations contained in paragraph 5.

6. MIT admits that MIT sent Dharmacon a letter dated April 16, 2004. MIT states that the letter speaks for itself, and denies the remaining allegations contained in paragraph 6.

7. Denied.

8. Denied.

## COUNT I
### Declaratory Judgment

9. MIT incorporates by reference its responses to paragraphs 1 through 8 above.

10. Denied.

11. Paragraph 11 contains a request for relief to which no response is required; to the extent a response is required, MIT denies the allegations contained in paragraph 11.

## COUNT II
### Declaratory Judgment of Invalidity, Unenforceability, and Noninfringement

12. MIT incorporates by reference its responses to paragraphs 1 through 11 above.

13. Paragraph 13 contains conclusions of law to which no responses are required; to the extent responses are required, MIT denies the allegations contained in paragraph 13.

14. Denied.

15. Admitted.

16. Paragraph 16 contains conclusions of law to which no responses are required; to the extent responses are required, MIT denies the allegations contained in paragraph 16.

17. Paragraph 17 contains conclusions of law to which no responses are required; to the extent responses are required, MIT denies the allegations contained in paragraph 17.

18. Paragraph 18 contains a conclusion of law to which no response is required; to the extent a response is required, MIT denies the allegations contained in paragraph 18.

19. Paragraph 19 contains a request for relief to which no response is required; to the extent a response is required, MIT denies the allegations contained in paragraph 19.

20. Paragraph 20 contains a conclusion of law to which no response is required; to the extent a response is required, MIT denies the allegations contained in paragraph 20.

21. Paragraph 21 contains conclusions of law to which no responses are required; to the extent responses are required, MIT denies the allegations contained in paragraph 21.

22. Paragraph 22 contains a conclusion of law to which no response is required; to the extent a response is required, MIT denies the allegations contained in paragraph 22.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Fisher's claims must fail because the Counterclaim, in whole or in part, fails to state a claim as to which relief may be granted.

### Second Affirmative Defense

Fisher's claims are barred by the equitable doctrines of waiver, estoppel, laches and/or unclean hands.

### Third Affirmative Defense

Fisher's claims are barred by the doctrines of ratification and/or acquiescence.

### Fourth Affirmative Defense

Count I of Fisher's Counterclaim must fail because Dharmacon breached the siRNA Distributor License Agreement.

### Fifth Affirmative Defense

Count II of Fisher's Counterclaim must fail because the '790 patent is valid, enforceable, and has been infringed by Dharmacon and Fisher.

### Sixth Affirmative Defense

Fisher is barred from relief as Fisher has neither sustained any injury resulting from actions taken by MIT nor been adversely affected by such actions.

### Seventh Affirmative Defense

If Fisher has suffered any injury, which MIT denies, such injury is the result of Fisher's own acts or omissions and/or those of third parties for which MIT is not responsible.

### Eighth Affirmative Defense

Fisher is barred from relief as it has failed to mitigate its damages, if any.

### Ninth Affirmative Defense

Fisher has failed to state a basis for an award of exemplary and/or punitive damages, and MIT engaged in no conduct sufficient to support such an award.

MIT may have additional defenses that it cannot presently articulate due to Fisher's failure to particularize its claims. MIT therefore reserves the right to assert additional defenses upon further particularization of Fisher's claims, upon examination of certain additional documents, upon discovery of further information concerning the alleged claims, and upon the development of other pertinent information.

MIT specifically reserves the right to amend its Answer to Fisher's Counterclaim, including the addition of affirmative defenses after pleading and discovery in preparation for trial.

Respectfully Submitted,

Massachusetts Institute of Technology,

By its Attorneys,

/s/ Steven M. Bauer
Steven M. Bauer (BBO# 542531)
David J. Cerveny (BBO# 638307)
Kimberly A. Mottley (BBO# 651190)
PROSKAUER ROSE LLP
One International Place – 22nd Floor
Boston, Massachusetts 02110-2600
Phone: 617-526-9600
Fax:    617-526-9899

August 25, 2005