UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| MASSACHUSETTS INSTITUTE OF TECHNOLOGY,<br><br>    Plaintiff,<br><br>v.<br><br>DHARMACON, INC. and FISHER SCIENTIFIC INTERNATIONAL INC.,<br><br>    Defendants. | Civil Action No.: 05-10156 PBS<br><br>Magistrate Judge Marianne B. Bowler |

**MIT'S OPPOSITION TO DEFENDANTS'**
**CROSS-MOTION FOR ENTRY OF ALTERNATIVE PROTECTIVE ORDER**

Plaintiff Massachusetts Institute of Technology ("MIT") opposes the cross-motion for entry of an alternative protective order to govern the confidentiality of discovery produced in this case, filed by defendants Dharmacon, Inc. and Fisher Scientific International Inc. (collectively, "Dharmacon"). (See D.I. 34 (MIT's Motion for Entry of Protective Order) and D.I. 35 (Defendants' Opposition to MIT's Motion for Entry of Protective Order and Cross-Motion for Entry of Alternative Protective Order ("Motion")).)

Dharmacon's proposed protective order does nothing more to protect Dharmacon's confidential information than does MIT's proposed order. Both orders allow a party to designate confidential information and preclude disclosure of that information from those who might improperly use that confidential information. The entire point of *Dharmacon's* motion is that it wants to use the confidentiality designation process to prevent the few persons at MIT that possess an intimate knowledge of the present dispute, and are managing the case from MIT's perspective, from having access to information that will allow them best to assist MIT's counsel in preparing its case.

1

At issue is whether MIT's counsel can share technical information disclosed by Dharmacon with three employees of MIT's Technology Licensing Office – Irene Abrams, Lita Nelsen, and Aaron Schwartz. These licensing officers have an intimate understanding of the technology involved, the license agreement at issue, and the history of this dispute. Thus, they are in the best position to manage this case for MIT, acting akin to in-house counsel by overseeing litigation strategy decisions and assisting litigation counsel with preparation of MIT's case.

The information which Dharmacon wants to keep from these individuals has nothing to do with their role in the Technology Licensing Office. Specifically, MIT has agreed that information which could be construed to place these individuals in an advantageous position for future licensing purposes – financial and licensing information – will not be shown to these individuals. Rather, it is documents of a technical nature which discuss Dharmacon's products (complex biotechnology) that MIT's counsel will want to share with these individuals in preparing MIT's case.

Dharmacon argues that MIT should have to retain an independent outside expert, with no first-hand knowledge of the matters in dispute, to advise counsel. Of course, it should be irrelevant whether such an expert was from MIT or another world-class institution -- in neither case will MIT or the other expert be in competition with Dharmacon, or in a position to even inadvertently misuse confidential information.

Dharmacon argues for a broad protective order without providing the Court a single meaningful or substantive reason for denying MIT's representatives access to technical information under the provisions of a Court order that would prevent misuse of that information.

In effect, Dharmacon proposes that this Court handicap MIT without providing any basis for doing so.

Dharmacon's position is based entirely on supposition, conjecture, and presumption. Essentially, the only reason that Dharmacon offers to support its suggested approach is its argument that this is "customarily" how it's done. Yet, as even Dharmacon's cited case law suggests, protective orders are granted only upon a showing of need balanced against the prejudice to the other party. Absent substantive reasons demonstrating that the technical information at issue truly would harm Dharmacon if disclosed to these three individuals, there is no basis for adding an extra level of protection over and above the protections already afforded to Dharmacon in the protective order submitted by MIT.

**ARGUMENT:   Dharmacon Cannot Meet Its Burden Of Proving That Its Technical Information Must Be Withheld From Irene Abrams, Lita Nelsen, And Aaron Schwartz.**

MIT has proposed a thorough protective order that will prevent disclosure of confidential information of both parties, and that will prevent any prejudice to Dharmacon. Both parties have agreed that the Court should enter a protective order to protect the confidentiality of the parties' internal business information and documents. The parties have negotiated the terms of a protective order, and have reached final agreement on *all* its terms, but for that *one* issue. The only issue to be decided: whether Dharmacon can prevent knowledgeable persons at MIT from reviewing responsive and discoverable technical documents, by arbitrarily designating the documents as "Highly Confidential."

The case law, including the cases cited by Dharmacon, makes clear that the "movant" (*Dharmacon* here) seeking a protective order bears the burden of demonstrating why information should be subject to a protective order. For example, in Uniroyal Chem. Co. Inc. v. Syngenta

3

Crop Protection, 224 F.R.D. 53, 57 (D. Conn. 2004) (cited by Dharmacon in Motion at 3), the Court stated that even when an "umbrella approach" is used to designate documents, the party seeking a protective order bears the burden of showing the need for such an order:

> Courts may choose to utilize an "umbrella approach" when a large number of confidential documents are at issue. *Cipollone v. Liggett Group Inc. 785 F.2d 1108, 1122 (3d Cir. 1986)*. Under this approach, the umbrella order initially protects all documents that the producing party designates in good faith as confidential. The opposing party can designate specific documents it believes to be not confidential, and the movant would have the burden of proof in justifying the protective order with respect to those documents. Id. *The burden of proof remains at all times on the party seeking the protective order*. Id.

In that case, the Court did not allow the "movant" to serve as the gatekeeper of what was to be produced only to "outside counsel and outside experts," as Dharmacon suggests that it should be able to do here. Rather, the Court expressly ordered that the movant must produce all documents within 10 days, and that it could designate individual documents under the higher level of protection "*only upon a showing of good cause*." Id. (emphasis added); see also Multi-Core, Inc. v. Southern Water Treatment Co., 139 F.R.D. 262, 263 (D. Mass. 1991) (Magistrate Judge Bowler) ("As the party seeking a protective order, defendant bears the burden of proving 'good cause'. Defendant must show a factual basis of potential harm.") (internal citations omitted); Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 789 (1st Cir. 1988) (burden on moving party to show good cause).[1]

MIT and Dharmacon have agreed that two levels of confidentiality will govern discovery in this case – "Confidential" and "Highly Confidential." "Confidential Information" is defined in Paragraph 6 of the proposed order as "[a]ny information, documents and things that relate to non-public, sensitive or confidential information, the uncontrolled disclosure of which would be

---

[1] MIT has met its burden with respect to the protective order it seeks. The parties are in agreement on all provisions of MIT's proposed protective order, except for the additional level of protection that Dharmacon seeks here. That additional level of protection would deny MIT's in-house representatives access to discoverable information, and the burden of justifying that additional protection, therefore, falls on Dharmacon.

4

*detrimental to the disclosing party* in the conduct of its business." "Highly Confidential Information" is defined in Paragraph 7 to include that which "satisf[ies] one of categories (i)-(ix) of paragraph 6, and [] comprise[s] financial information or technical information that is highly sensitive in nature such that, if disclosed to the opposing party, the information likely would *substantially compromise the business position of the party* from whom the information was obtained."

Importantly, the parties have agreed that MIT's licensing personnel can review "confidential" information – the disclosure of which would be "detrimental" to Dharmacon. However, Dharmacon refuses to agree to allow these three named individuals from MIT's licensing office to review "highly confidential" information (non-financial information) bearing on technical issues which would not be used by them in any competitive fashion. MIT's proposed protective order is reasonably tailored to meet MIT's needs, and Dharmacon's concerns. Dharmacon has provided no specific reason to deny these individuals access to such technical information.

In fact, Dharmacon has not referred to a single specific fact to support its claim that disclosure of any particular document (much less the broad class of documents for which they generally seek protection) to Irene Abrams, Lita Nelsen, or Aaron Schwartz would "substantially compromise" Dharmacon's business position if it were disclosed. Instead, Dharmacon merely relies on general and unsubstantiated assertions that it would be damaged, saying that such protection is "critical in cases, like the present one," and that this case "involves a significant amount of extremely sensitive information pertaining to the parties' siRNA and reverse transfection technologies." (See Motion at 2.)

5

Dharmacon has not met its burden to justify denying MIT's licensing personnel access to technical information – information that is reasonably limited in scope to only technical information (not financial or licensing information) and that can only be used for purposes of this litigation. Instead, Dharmacon effectively admits that it has already over-classified information during the course of this litigation, specifically stating that "MIT has objected to a number of Defendants' confidentiality designations and Defendants have been willing to reconsider the designations and have, in a number of instances, reclassified materials." (Motion at 6.) This approach is contrary to Dharmacon's legal burden, and shifts the burden to MIT to police Dharmacon's over-designation of its confidential information. The Court is well-aware of the problem of over-designation in litigation. Here, over-designation will cripple MIT's ability to have those in the best position to assist trial counsel do so, in preparing MIT's case.

For all of these reasons, and the reasons set forth in MIT's Motion for Protective Order, the Court should enter MIT's proposed order, and not the alternative order proposed by Dharmacon.

October 13, 2005                                                  Respectfully Submitted,

                                                                   Massachusetts Institute of Technology
                                                                   By its Attorneys,

                                                                   /s/ Steven M. Bauer
                                                                   Steven M. Bauer (BBO# 542531)
                                                                   David J. Cerveny (BBO# 638307)
                                                                   Kimberly A. Mottley (BBO# 651190)
                                                                   PROSKAUER ROSE LLP
                                                                   One International Place – 22nd Floor
                                                                   Boston, Massachusetts 02110-2600
                                                                   Phone:  617-526-9600
                                                                   Fax:    617-526-9899